UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, )<br>f/k/a NATIONAL CITY BANK, )<br>SUCCESSOR TRUSTEE OF TRUST #972 )<br>DATED MARCH 10, 1960, )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>UNITED STATES ARMY CORPS OF )<br>ENGINEERS, LITTLE CALUMET RIVER )<br>BASIN DEVELOPMENT COMMISSION )<br>and WALSH CONSTRUCTION )<br>COMPANY, )<br>    Defendants, )<br>    )<br>LITTLE CALUMET RIVER BASIN )<br>DEVELOPMENT COMMISSION, )<br>    Cross-Claimant, )<br>    )<br>    v. )<br>    )<br>UNITED STATES ARMY CORPS OF )<br>ENGINEERS and WALSH )<br>CONSTRUCTION COMPANY, )<br>    Cross-Defendants. ) | CAUSE NO. 2:13-CV-374-JVB-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion [DE 24], filed by Defendant Walsh Construction Company on March 18, 2014, and a Motion to Dismiss [DE 33], filed by Defendant Walsh Construction Company on May 7, 2014.

On May 9, 2014, Judge Joseph S. Van Bokkelen entered an Order [DE 35] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion

1

pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant in part and deny in part the motions to dismiss.

## PROCEDURAL BACKGROUND

Plaintiff PNC Bank, National Association f/k/a National City Bank, Successor Trustee of Trust # 972 dated March 1, 1960 ("the Trust") filed its Complaint on October 16, 2013, for damages arising out of the July 30, 2010, destruction of a rain water drain pipe. It alleges that Defendants United States Army Corps of Engineers ("the Corps"), Little Calumet River Basin Development Commission ("the Commission"), and Walsh Construction Company ("Walsh") were engaged in upgrading a levee on the Trust's property when the drain pipe was destroyed.

On March 18, 2014, Walsh filed its first Motion [DE 24], requesting dismissal of the Trust's claim against it. The Trust filed a response on April 24, 2014, and Walsh filed a reply on May 1, 2014. Also on March 18, 2014, the Commission filed its answer, including a cross-claim against Walsh. On May 7, 2014, Walsh filed its second Motion to Dismiss [DE 33] requesting dismissal of the cross-claim. No response has been filed and the time to do so has passed. The Corps has not appeared or filed any responsive pleadings.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See*

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

3

**ANALYSIS**

In the instant Motions, Walsh moves for the dismissal of the claims and cross-claim pending against it. The Court will first consider Walsh's motion for dismissal of the cross-claim, then will consider its arguments regarding dismissal of counts in the Complaint.

**I.    Motion to Dismiss Cross-Claim**

Walsh moves to dismiss the Commission's cross-claim on the grounds that Indiana does not recognize the non-contractual common law indemnification claim. The Commission did not file a response.

On March 18, 2014, the Commission filed its cross-claim against Walsh for indemnification of the Commission for any judgment rendered against the Commission. The Commission alleges that it was the local sponsor of the levee project, but "had nothing to do with the engineering, construction, or supervision of the project," and that the Corps "was the project engineer and supervisor of the project" who hired Walsh to do the work. Cross-Claim ¶3-6 [DE 26] p. 21.

Under Indiana law, "[g]enerally, the right of indemnification arises only by contract, express or implied, or by statutory obligation." *Rotec, Div. of Orbitron, Inc. v. Murray Equip., Inc.*, 626 N.E.2d 533, 535 (Ind. App. 1993); *see also Mills v. Hausmann-McNally, S.C.*, No. 1:13-CV-00044-SEB-DKL, 2014 WL 129276, at *5 (S.D. Ind. Jan. 14, 2014). Implied indemnity is only available in Indiana when "liability to another is solely derivative or constructive and only against one whose wrongful act has caused such liability to be imposed." *Mullen v. Cogdell*, 643 N.E.2d 390, 400 (Ind. App. 1994) (citing *Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.*, 578 N.E.2d 669, 671 (Ind. 1991)). "Generally, implied indemnity is created by a relationship

between the parties, i.e. employer-employee, principal-agent." *Sears, Roebuck and Co. v. Boyd*, 562 N.E.2d 458, 461 (Ind. App. 1990); *see also Mills*, 2014 WL 129276, at *5 ("[R]elationships where a 'derivative or constructive' implied right to indemnity may apply include those of an employer to an employee and a manufacturer of a defective good to the retailer of that good.").

In this case, the Commission has not identified any statute or contract that would give rise to indemnification liability, and it does not allege that a derivative or constructive relationship existed between itself and Walsh. Walsh argues that the Commission cannot make that allegation, since Walsh was hired as an independent contractor by the Corps and had no direct relationship with the Commission. The Commission has failed to argue otherwise. The Court concludes that the Commission fails to state a claim for indemnification by Walsh, and recommends that the Commission's cross-claim against Walsh be dismissed.

**B.     Motion to Dismiss Complaint**

Walsh moves for dismissal of the case as a whole for lack of subject matter jurisdiction and also argues that several individual counts should be dismissed as to their claims against Walsh. The Court will consider each of its arguments in turn.

1.     Subject Matter Jurisdiction

Walsh first argues that the Complaint should be dismissed for lack of subject matter jurisdiction since the Trust does not allege that it has been injured or in any way harmed as a result of the destruction of the drainpipe. The Trust argues that the Complaint clearly alleges harm: that its drain pipe was intentionally or negligently destroyed by Defendants, leaving its property without adequate drainage and subject to flooding.

5

In order to have standing to sue, "the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations omitted). Walsh argues that because the Trust has not suffered any discernable injury as a result of the work that Walsh did on the easement, and does not plead actual damages, it has failed to state a claim as to Walsh. The Trust argues that it has expressly alleged concrete injury: the intentional destruction of the rain water drain pipe, disrupting its ability to drain its property and diminishing its value. Although Walsh is correct that the Trust did not allege that its property has been damaged by flooding, Walsh ignores that the Trust has clearly claimed that its rain water drain pipe was destroyed - an actual, concrete injury. At this stage of the proceedings, the Trust needs only "a short and plain statement of the claim." Fed. R. Civ. P. 8(a); *see also Lujan*, 504 U.S. at 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice."). It has been provided. Accordingly, the Court does not recommend that the Complaint be dismissed for lack of subject matter jurisdiction.

2. Count III: Tortious Interference with Contract

Walsh argues that the Trust's claim for tortious interference with contract should be dismissed because the two year statute of limitations has expired and the Trust has failed to properly plead the claim. The Trust argues that its claim has been adequately pled and is timely.

Under Indiana Law, to succeed on a claim for tortious interference of contract, a party must establish all of the following: "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful

6

inducement of the breach." *Melton v. Ousley*, 925 N.E.2d 430, 440 (Ind. App. 2010) (citing *Levee v. Beeching*, 729 N.E.2d 215, 221 (Ind. App. 2000)).

In the Complaint, the Trust alleges that "Defendants were aware and expressly advised of the Trust's lease contract and business relationship with its longtime tenant on the property," ¶ 43, and that "Defendants have materially interfered with the value and utility of the property, thus adversely affecting the Trust's ability to lease the Property to the Trust's long-time tenant and has materially interfered with the Trust's ability to lease the Property in the future." ¶ 44. The Trust does not attach a copy of the lease between it and the tenant, and does not allege that the contract has been breached. In its response, the Trust argues that the harm suffered to its property "has the effect of materially inducing the tenant to refuse to renew the lease and/or demand concessions," Pl. Br. 8, but admits that the tenant remains in the lease.

Because there is no allegation that any contract has been breached, Plaintiff has failed to make a claim for tortious interference with contract. *See Beanstalk Grp., Inc. v. AM Gen. Corp.*, 143 F. Supp. 2d 1020, 1032 (N.D. Ind. 2001) ("Defendants have not breached the Agreement, therefore the Plaintiff has no basis for a claim for tortious interference with a contractual relationship."); *Zimmer, Inc. v. Stryker Corp.*, No. 3:14-CV-152-JD, 2014 WL 3866454, at *6 (N.D. Ind. Aug. 6, 2014) ("[T]here must be an actual breach of a contract for a plaintiff to recover on a tortious interference theory.") (citing *Gatto v. St. Richard School, Inc.*, 774 N.E.2d 914, 922 (Ind. App. 2002)). To the extent that the Trust is intending to make a claim for anticipatory breach, it has also failed to make that claim, since "[r]epudiation of a contract must be positive, absolute, and unconditional in order that it may be treated as an anticipatory breach" and "the requirement that the repudiating statement be clear and absolute is a strict one." *Jay Cnty. Rural Elec. Membership Corp.*

7

*v. Wabash Valley Power Ass'n, Inc.*, 692 N.E.2d 905, 911 (Ind. App. 1998) (citations omitted); *see also Beanstalk Grp.,* 143 F. Supp. 2d at 1031 ("Courts can award damages under a theory of anticipatory repudiation where the parties [sic] obligations under the contract are clear, and one party asserts that it does not intend to perform."). The Trust has not alleged that its tenant has made a positive, absolute, and unconditional repudiation of the lease. Accordingly, the Court need not address the parties' arguments regarding timeliness and recommends that the Trust's claim against Walsh for tortious interference with contract, Count III, be dismissed.

    3.    <u>Count IV: Civil Action by a Crime Victim</u>

Walsh argues that the Trust's claim under the Crime Victim Statute is inadequately pled and barred by a two year statute of limitations. The Trust argues that a five year statute of limitations should apply to Count IV and therefore the claim is timely.

The parties disagree on the statute of limitations that applies to the claims brought by the Trust pursuant to the Indiana Civil Action by Crime Victim statute, Indiana Code § 34-24-3-1. Walsh argues that claims brought under the crime victim statute are subject to a two year statute of limitations. The Trust recognizes that the Indiana Court of Appeals has applied a two year statute of limitations to claims brought under the crime victim statute, but argues that because that limit has not been pronounced by either the Indiana Legislature nor the Indiana Supreme Court, it is not binding, and the Court should instead apply a five year statute of limitations.

The Indiana Court of Appeals has repeatedly "held that because the substance of a claim under the Crime Victim Statute is punitive rather than compensatory, such claims are subject to a two-year statute of limitations." *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 638 (Ind. App. 2008) (quotation omitted). Likewise, the statute of limitations for criminal trespass, a Class A

misdemeanor, is two years, Ind. Code §§ 35-41-4-2(a)(2); 35-43-2-2(b), and claims for conversion are also subject to a two year statute of limitations. *See, e.g., Fikes v. Whitesell*, No. 4:11-CV-00034-TWP-WGH, 2011 WL 5025523, at *3 (S.D. Ind. Oct. 20, 2011) (applying two year statute of limitations for claims of conversion and conversion through the crime victim statute) (citing Ind. Code § 34-11-2-4; *Prime Mortg. USA*, 885 N.E.2d at 640); *KnowledgeAZ, Inc. v. Jim Walters Res., Inc.*, 617 F. Supp. 2d 774, 785 (S.D. Ind. 2008) (granting summary judgment on a claim for conversion because it was "barred by the two year Indiana statute of limitations for bringing an action for conversion [and] the two year statute of limitations for bringing an action pursuant to the crime victim statute has also expired") (citing Ind. Code § 34-11-2-4; *Clark v. Univ. of Evansville*, 784 N.E.2d 942, 945-46 (Ind. App. 2003); *French v. Hickman Moving and Storage*, 400 N.E.2d 1384 (Ind. App. 1980)).

The Trust argues that the statute of limitations is more properly five years, since "matching the respective civil statutes of limitation with the criminal statutes is an eminently more rational determination than an arbitrary two year statute of limitations." Pl. Br. 10. The Trust argues that the facts of the case support the use of criminal violations for theft and criminal mischief with pecuniary loss in excess of $2,500 as "matching criminal statutes." In reply, Walsh points out that there are no felony allegations in the Complaint and the Trust has not cited any legal authority to support its assertion that Walsh has committed felonies. The Complaint includes a cause of action under the crime victim statute for criminal trespass of property and criminal conversion of property,¶¶ 47-51, both of which are subject to two year statutes of limitations as described above. The Complaint does not include allegations of criminal violations for theft or criminal mischief with pecuniary loss in excess of $2,500. If the Trust wishes to bring these additional claims, it may move

9

to amend its Complaint. To the extent that the Trust is arguing that Indiana should apply a five year statute of limitations to all actions brought under the crime victim statute, that argument is not well made, the Trust does not cite to any case law from any court in support of its contention, and the Court sees no need to depart from precedent, non-binding as it may be.

The alleged trespass and conversion occurred more than two years before the filing of the Complaint, and the Trust does not argue either that less than two years elapsed or that the statute of limitations should be tolled as to these counts. The Court recommends that Walsh's motion to dismiss Count IV be dismissed as time-barred.

    4.    <u>Count V: Violation of Civil Rights Pursuant to 42 U.S.C. § 1983</u>

Walsh argues that Count V for civil rights violations pursuant to 42 U.S.C. § 1983 must fail because Walsh is a private entity, not a state actor, and that the Trust has not identified which constitutional right was deprived. The Trust argues that Walsh acted at the direction and authority of the Commission and the Corps, thereby acting under color of state law.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he or she was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law." *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 638 (1980)). A plaintiff must allege both § 1983 elements to survive a motion to dismiss. *See Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005).

In Count V, the Trust alleges only: "As a direct and proximate result of Defendants' acts and/or omissions regarding the destruction of the rain water drain pipe on the Trust's property, Defendants unlawfully infringed upon and unlawfully deprived the Trust of its property rights under color of law without due process." ¶ 54. Earlier in the Complaint, the Trust alleges that "the

Commission and/or the Corps directed Walsh to proceed to destroy the drain pipe, which Walsh proceeded to do . . ." ¶ 5.

There is no dispute that Walsh is not itself a state actor. There are a few scenarios in which a private actor can be sued under § 1983. As the Seventh Circuit Court of Appeals has explained,

> [p]rivate action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights, where the state compels the discriminatory action, when the state controls a nominally private entity, when it is entwined with its management or control, when the state delegates a public function to a private entity, or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

*Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815-16 (7th Cir. 2009) (citations omitted). In its response, the Trust argues only that Walsh is subject to suit pursuant to § 1983 because it was acting at the direction and the authority of the Commission and the Corps to implement a flood protection control policy. It does not provide any information about what theory it is relying on for its assertion that Walsh, a construction company hired as a contractor to dig a ditch, is a proper § 1983 defendant. It does not argue that private construction or ditch-digging are public functions or that the government is entwined in Walsh's management, controlling Walsh, or compelling Walsh to discriminate. To the extent that the Trust's allegations can be read as an assertion that Walsh was engaged in a joint enterprise with the other defendants and the result was a deprivation of constitutional rights, it has failed to plead the components of a conspiracy claim. *See, e.g., Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) ("[C]ourts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy.").

Rather than lay out any argument about how Walsh was acting under color of state law, the Trust merely lists, without argument or description, several cases involving private actors sued under

§ 1983. In *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001), the Supreme Court allowed claims against the private association under § 1983 on the basis of the "unmistakable" and "overwhelming" entwinement between the state and the private entity, both "bottom up" entwinement through membership made up of public schools and "top down" entwinement through state appointment of board members and inclusion of association employees in state retirement plans. *Id.* at 300-01. The Trust also cites *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), in which the Supreme Court concluded that "invoking the aid of state officials to take advantage of state-created attachment procedures" was state action "when the State has created a system whereby state officials will attach property on the ex parte application of one party to a private dispute." *Id.* at 941-42. Next, the Trust cites *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974), in which the Supreme Court concluded that the fact that the defendant, "a heavily regulated, privately owned utility" with "a partial monopoly in the providing of electrical service" was *not* acting in a way to make its conduct attributable to the state when it terminated electrical service "in a manner . . . permissible under state law." *Id.* at 358.

The Trust also cites to two cases from courts of appeals in other circuits involving security guards who detained or arrested store customers, one of which was later vacated and remanded, *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 557 (8th Cir. 1989) and *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1427 (10th Cir. 1984), *judgment vacated sub nom. City of Lawton, Okla. v. Lusby*, 474 U.S. 805 (1985), and a similar security guard case in which another district court in this circuit concluded that "that the principles of agency c[ould] be utilized to establish liability under § 1983" where the plaintiff alleged "that there was a preconceived customary plan between the defendant and

12

the local police" to get the police to arrest customers. *Classon v. Shopko Stores, Inc.*, 435 F. Supp. 1186, 1187 (E.D. Wis. 1977).

None of these cases are factually analogous to this case, and the Trust does not identify which, if any, legal scenario it considers representative. It is not the Court's responsibility to go searching through the Complaint to determine if there are statements which, when cobbled together, might rise to the level of an actionable claim under an unspecified legal theory, particularly where, as here, the plaintiff has had an opportunity to further explain its claims and identify the legal theories under which it is proceeding. *See Windy City Metal Fabricators*, 536 F.3d at 667-68 (7th Cir. 2008) ("In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that 'it is plausible, rather than merely speculative, that he is entitled to relief.' A complaint must do more than merely '*avoid foreclosin*g possible bases for relief.' It 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'") (quoting *Tamayo*, 526 F.3d at 1083, 84; citing *Twombly,* 550 U.S. 555-56).

The Complaint fails to demonstrate more than mere speculation that the Trust is entitled to relief against Walsh as a state actor. It is not clear from the Complaint or even the Trust's brief what state action it is alleging that Walsh engaged in, and the Court recommends that Count V of the Complaint be dismissed without prejudice as to Defendant Walsh.

5. Count VI: Declaratory and Injunctive Relief

Walsh requests that the claim for declaratory judgment in Count VI be dismissed. First, Walsh argues again that there is no claim or controversy, such that the Court is without subject matter jurisdiction. For the reasons stated above, this argument is unavailing. Walsh next argues

13

that in Count VI the Trust is seeking specific performance but has not met the high burden of establishing that it is entitled to it. The Trust asserts that Walsh's arguments are misplaced and premature: it is seeking declaratory and injunctive relief against Defendants, not specific performance. *See, e.g., Litzelswope v. Mitchell*, 451 N.E.2d 366, 369 (Ind. App. 1983) ("Injunction is an appropriate remedy in actions involving obstruction of, or continued interference with, an easement."). As it argues, the Trust is not seeking the type of specific performance under a contractual term as described in the cases relied upon by Walsh. *See, e.g., TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 637 (7th Cir. 2007) (determining that specific performance was not an appropriate remedy where contract was not sufficiently precise); *Miller v. LeSea Broad., Inc.*, 87 F.3d 224, 230 (7th Cir. 1996) (concluding that specific performance was not warranted because of the terms of the contract and the ability to monetize damages); *First Nat. Bank of Chi. v. Plitt Theatres, Inc.*, No. 90 C 01388, 1990 WL 106517 (N.D. Ill. July 10, 1990) (ordering the defendant to specifically perform its contractual obligations pursuant to Indiana law). Furthermore, it is too early in the case for the Court to opine on what remedies, exceptional or not, may be appropriate. Accordingly, the Court recommends that Walsh's Motion to Dismiss be denied as to Count VI.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT in part and DENY in part** the Motion [DE 24] and **GRANT** the Motion to Dismiss. The Court **RECOMMENDS** that the District Court dismiss Count III and Count IV of the Complaint as to Defendant Walsh Construction Company, dismiss without prejudice Count V of the Complaint as to Defendant Walsh Construction Company, and dismiss the Cross-Claim of Cross-Claimant Little

Calumet River Basin Development Commission as to Cross-Defendant Walsh Construction Company.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 4th day of February, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record